UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| ERIC WILSON | * | CIVIL ACTION NO. 10-3320 |
| | * | |
| VERSUS | * | JUDGE MARY ANN VIAL LEMMON |
| | * | |
| M/V B911, ET AL | * | MAG. DANIEL E. KNOWLES, III |
| | * | |

* * * * * * * * * * * * * * * * * *

### INTERNATIONAL CONSTRUCTION EQUIPMENT, INC.'S
### ANSWER TO PLAINTIFF'S COMPLAINT

**NOW INTO COURT**, through undersigned counsel, comes Defendant, **INTERNATIONAL CONSTRUCTION EQUIPMENT, INC. ("ICE")**, who respectfully submits this Answer to Plaintiff's "*COMPLAINT WITHIN ADMIRALITY AND MARITIME JURISDICTION PURSUANT TO THE PROVISIONS OF THE JONES ACT 46 U.S.C.A. SECTION 688, AND THE GENERAL MARITIME LAW*," and avers as follows:

### FIRST DEFENSE

Plaintiff's Complaint filed herein fails to state a claim or cause of action against **ICE** upon which relief can be granted.

## SECOND DEFENSE

Plaintiff's demands are barred by the passage of time and/or laches and/or estoppel and/or waiver and/or statutes of limitations and/or the laws of the State of Louisiana and/or the laws of the United States of America and have elapsed, fully accrued and/or prescribed.

## THIRD DEFENSE

**AND NOW**, answering separately the specific allegations of Plaintiff's Complaint, **ICE** avers:

I.

The allegations contained within paragraph one of Plaintiff's Complaint assert conclusions of law, and as such do not require a response from **ICE**. However, should the Honorable Court require a response, the allegations in paragraph one are denied. The remaining allegations contained in paragraph one are denied for a lack of sufficient information to justify a belief therein.

II.

All of the allegations contained within paragraph two of Plaintiff's Complaint are denied for a lack of sufficient information to form a belief therein, except to admit that **ICE** is licensed to do and doing business in Louisiana.

III.

The allegations contained within paragraph three of Plaintiff's Complaint contain allegations and conclusions of law, and as such do no require a response. However, should the Honorable Court require a response, the allegations in paragraph three are denied.

IV.

The allegations contained within paragraph four of Plaintiff's Complaint are denied.

V.

The allegations contained within paragraph five of Plaintiff's Complaint are denied for lack of sufficient information.

VI.

The allegations contained within paragraph six of Plaintiff's Complaint, including all subparts of paragraph six individually identified a A-P, are denied.

VII.

The allegations contained within paragraph seven of Plaintiff's Complaint, including all subparts of paragraph seven individually identified as A-F, are denied.

VIII.

The allegations contained within paragraph eight of Plaintiff's Complaint are denied.

IX.

The allegations contained within paragraph nine of Plaintiff's Complaint are denied.

X.

The allegations contained within paragraph ten of Plaintiff's Complaint are denied.

XI.

The allegations contained within paragraph eleven of Plaintiff's Complaint are denied.

XII.

The allegations contained within paragraph twelve of Plaintiff's Complaint are denied.

XIII.

To the extent that paragraph thirteen contains allegations that are conclusions of law, said allegations that are conclusions of law do not require a response from **ICE**. However, should the

Honorable Court require a response, the allegations that are conclusions of law contained in paragraph thirteen are denied.

### XIV.

To the extent that any allegations are contained in the prayer for relief in judgment in Plaintiff's Complaint, said allegations are denied and Plaintiff's prayer for relief is denied. To the extent that any other allegations in Plaintiff's Complaint have not been answered herein, said allegations are denied for lack of sufficient information to justify a belief therein. **ICE** further reserves its right to supplement and/or amend their affirmative defenses and answer, and to assert any other rights, claims and defenses.

### XV.

**ICE** respectfully prays for a trial by jury.

AND NOW, further answering, **ICE** respectfully avers as follows:

### **FOURTH DEFENSE**

**ICE** denies that it, any person, firm, or corporation for whom it may be responsible were guilty of any negligence, strict liability, want of due care, or other legal fault constituting a proximate cause of the alleged accident in question, but on the contrary, aver that the incident and resulting injuries, if any, were caused by the fault, negligence, want of due care, or other legal fault of parties, named or unnamed, for whose actions **ICE** is not responsible, which must be quantified and legally allocated accordingly. **ICE** avers that the alleged incident in question and resulting injuries, if any, arose out of acts of independent contractor(s) or other third parties over whom **ICE** exercised no control and for whose actions **ICE** is not responsible.

### FIFTH DEFENSE

ICE specifically denies that Plaintiff's accident and injuries, if any, were caused and/or contributed to by any unsafe conditions caused or created by ICE and/or any property or equipment for which ICE is or may be held responsible.

### SIXTH DEFENSE

ICE further specifically alleges that any injuries suffered by Plaintiff are due to his sole negligence and other misconduct. As a result, Plaintiff should be legally barred from recovery.

### SEVENTH DEFENSE

ICE further avers that any injuries suffered by Plaintiff were proximately caused by, or contributed to by, certain risked, dangers, and hazards, all of which were plainly observable, open, obvious and well known to Plaintiff and for which it is not legally responsible.

### EIGHTH DEFENSE

ICE further avers that the alleged incident in question and resulting injuries, if any, resulted from an unavoidable accident or Act of God for which ICE cannot be held responsible.

### NINTH DEFENSE

ICE further avers that no maritime obligation was owed to Plaintiff, or if any such maritime obligation was owed, ICE denied that it or anyone for whom it may be responsible was guilty of breaching same, constituting a proximate cause of the alleged accident in question.

### TENTH DEFENSE

In the alternative, should it be shown that the damages complained of were caused or contributed to by the fault, neglect or negligence of ICE or someone for whom ICE may be responsible, all of which is at all times specifically denied, ICE pleads the contributory and/or comparative negligence of Plaintiff or other persons/corporations and that it is entitled to have

any reward or recovery to Plaintiff mitigated or reduced accordingly. Said acts of contributory negligence consist of the following non-exclusive particulars:

a) In failing to keep a proper lookout;

b) In failing to exercise reasonable and prudent care for his own safety under the circumstances then existing;

c) In failing to follow appropriate instructions and procedures regarding the proper performance of his job;

d) In freely and voluntarily exposing himself to a danger or hazard he knew or should have known existed;

e) In failing to do what he could have done and should have done to avoid the accident; and

f) Other acts of contributory negligence which will be shown at trial.

## ELEVENTH DEFENSE

**ICE** avers that the physical condition of which Plaintiff complains was and is due, in whole or in part, to pre-existing and/or subsequently occurring bodily condition or conditions, which are unrelated to the alleged incident and occurrence sued upon herein, the nature and extent of which are not the responsibility of **ICE**. **ICE** further alleges that the alleged injuries and damages sustained by Plaintiff are the result of natural bodily processes, diseases, and conditions which are unrelated to the alleged acts, omissions, and/or practices of **ICE** which Plaintiff claims proximately caused his condition. In the alternative, **ICE** is entitled to a credit or offset for all damages attributable to such pre-existing conditions.

## TWELFTH DEFENSE

**ICE** further avers that the claims made by Plaintiff are barred by the exclusive remedy provisions of the Longshore and Harbor Workers' Compensation Act (if applicable) and/or the provisions of any applicable state Workers' Compensation Laws.

## THIRTEENTH DEFENSE

In the event that any vessel owned by **ICE** is found to have caused or contributed in any way to Plaintiff's alleged injuries, which is denied, **ICE** pleads the application of the Limitation of Liability Act, 46 U.S.C. § 30501, *et seq.*, and Rule F of the Federal Rules of Civil Procedure, Supplemental Rules of Certain Admiralty and Maritime Claims.

## FOURTEENTH DEFENSE

Plaintiff has failed to mitigate his damages, if he suffered any, which is specifically denied.

## FIFTHTEENTH DEFENSE

**ICE** avers that to the extent Plaintiff misrepresented his medical history to the employer then his claim for benefits should be barred.

## SIXTEENTH DEFENSE

In the alternative, **ICE** alleges that Plaintiff has reached maximum medical improvement and is not entitled to maintenance and/or cure.

## SEVENTEENTH DEFENSE

**ICE** further alleges that Plaintiff has been fully provided with maintenance and cure and accordingly such sums are not owed to Plaintiff.

## EIGHTEENTH DEFENSE

**ICE** further alleges that Plaintiff is not entitled to recover penalties, compensatory damages, and additional damages related to any alleged duty to pay maintenance and cure.

## NINETEENTH DEFENSE

**ICE** specifically contends that Plaintiff was not a seaman at any relevant time. As a result, Plaintiff is legally barred from obtaining any relief under the Jones Act.

### TWENTIETH DEFENSE

In the alternative, **ICE** specifically contends that if Plaintiff is found to be a Jones Act Seaman, which is denied, the same legal standard of causation for negligence, proximate cause, is to be equally applied to Plaintiff and Defendants as per *Norfolk Southern Ry. Co. v. Sorrell*, 127 S.Ct. 799 (2007).

### TWENTY-FIRST DEFENSE

In the further alternative, and only in the event this court should find liability on the part of **ICE** (which is denied), **ICE** avers its right to indemnity or, alternatively, to contribution, to the full extent provided by the law of Louisiana, the law of the United States of America or General Maritime Law, and affirmatively plead set-off, compromise, and release, and asserts their entitlement to reduction and credit to the full extent of each and every party released by Plaintiff herein, commensurate with the applicable law of comparative fault, indemnity, and/or contribution.

### TWENTY-SECOND DEFENSE

**ICE** pleads its entitlement to an offset and/or credit for any and all amounts tendered for the loss or damages claimed herein by any other party.

### TWENTY-THIRD DEFENSE

Plaintiff has failed to state any cause of action against **ICE** that would entitle Plaintiff to recover punitive damages.

### TWENTY-FOURTH DEFENSE

An award of punitive damages in this case would be a violation of the United States and the State of Louisiana constitutions.

**TWENTY-FIFTH DEFENSE**

**ICE** reserves the right to amend its Answer as the facts and circumstances become more fully known through discovery or otherwise.

**WHEREFORE**, Defendant, INTERNATIONAL CONSTRUCTION EQUIPMENT, INC. prays that this Answer be deemed good and sufficient and that, after due proceedings are had, this Honorable Court enter judgment in its favor, against Plaintiff, rejecting and dismissing the Complaint at Plaintiff's costs and for reimbursement of attorneys' fees costs expended in defending the action and for all other just and equitable relief as this Court deems proper.

Respectfully Submitted,

/s/ Matthew L. Stedman

MARK L. CLARK (#30875) – T.A.
MATTHEW L. STEDMAN (#31547)
**BROWN SIMS, P.C.**
Poydras Center, Suite 2200
650 Poydras Street
New Orleans, Louisiana 70130
Telephone: (504) 638-8472
Facsimile: (504) 638-8473
**Attorneys for INTERNATIONAL CONSTRUCTION EQUIPMENT, INC.**

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing has been served on all counsel of record by filing using the Court's CM-ECF system and/or by facsimile and/or by hand delivery and/or by depositing same in the United States mail, postage prepaid and properly addressed, this 24th day of February, 2011.

/s/ Matthew L. Stedman
MATTHEW L. STEDMAN