UNITED STATES DISTRIC COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **ERIC WILSON** | **CIVIL ACTION** |
| versus | **NUMBER 10cv3320 "S"(3)** |
| **M/V B911, Gulf Intracoastal Contractors** (a joint venture), Kiewit, Inc., Traylor Brothers, Inc., Centaur LLC, Associated Terminals, Inc. International Construction Equipment, Inc. Harrison Cook (Crane operator), ABC Insurance Company, DEF Insurance Company, GHI Insurance Company, JKL Insurance Company, MNO Insurance Company, PQR Insurance Company | **SECTION** |

**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***

**AMENDED**

**COMPLAINT WITHIN ADMIRALITY AND MARITIME JURISDICTION**

**PURSUANT TO THE PROVISIONS OF THE JONES ACT**

**46 U.S.C.A. SECTION 688,**

<u>**AND THE GENERAL MARITIME LAW**</u>

The Amended Complaint of Eric Wilson a person of the lawful age of majority and a resident of the State of Louisiana respectfully represents that:

*Please amend Caption as follows:*

**ERIC WILSON**

versus

**M/V B911, Gulf Intracoastal Contractors**

(a joint venture), Kiewit, Inc., Traylor Brothers, Inc.,
Centaur LLC, Associated Terminals, LLC, ABC Insurance Company,
DEF Insurance Company, GHI Insurance Company, JKL
Insurance Company, MNO Insurance Company, PQR
Insurance Company

*There are no changes to paragraph 1.*

1.

This case is cognizable under Admiralty and Maritime jurisdiction, pursuant to an Act of Congress, known as the Merchant Marine Act, approved by Congress on June 5, 1920, Section 33, commonly referred to as the Jones Act(46 U.S.C.A. Section 688), and pursuant to the general Maritime Laws of the United States of America, as hereinafter more fully appears.

*Please Amend paragraph 2 as follows:*

2.

Made defendant in this action are:

**M/V B911,** hereinafter referred to as "B911", a company licensed to do and doing business in the State of Louisiana.

**Gulf Intracoastal Contractors** *(a joint venture)***,** hereinafter referred to as "Gulf", a company licensed to do and doing business in the State of Louisiana, with its principal place of business in the State of Louisiana.

**Kiewit, Inc.,** a company licensed to do and doing business in the State of Louisiana, with its principal place of business in the State of Louisiana.

**Traylor Brothers, Inc**., a company licensed to do and doing business in the State of Louisiana, with its principal place of business in the State of Louisiana.

**Centaur LLC,** hereinafter referred to as "Centaur", a company licensed to do and doing business in the State of Louisiana, with its principal place of business in the State of Louisiana.

**Associated Terminals, LLC,** hereinafter referred to as "Associated a company licensed to do and doing business in the State of Louisiana, with its principal place of business in the State of Louisiana.

**International Construction Equipment, Inc.,** hereinafter referred to as "ICE, Inc.", a company licensed to do and doing business in the State of Louisiana, with its principal place of business in the State of Louisiana.

**ABC Insurance Company,** (whose true identity will be inserted when known), which at all times pertinent was licensed to do and doing business in the State of Louisiana, and who is the liability insurance carrier insuring defendant, *Gulf Intracoastal Contractors.*

**DEF Insurance Company,** (whose true identity will be inserted when known), which at all times pertinent was licensed to do and doing business in the State of Louisiana, and who is the liability insurance carrier insuring defendant*, Kiewit, Inc.*

 **GHI Insurance Company,** (whose true identity will be inserted when known), which at all times pertinent was licensed to do and doing business in the State of Louisiana, and who is the liability insurance carrier insuring defendant, *Traylor Brothers, Inc.*

 **JKL Insurance Company,** (whose true identity will be inserted when known), which at all times pertinent was licensed to do and doing business in the State of Louisiana, and who is the liability insurance carrier insuring defendant, *Centaur, LLC*

**MNO Insurance Company,** (whose true identity will be inserted when known), which at all times pertinent was licensed to do and doing business in the State of Louisiana, and who is the liability insurance carrier insuring defendant, *Associated Terminals, LLC*.

**PQR Insurance Company,** (whose true identity will be inserted when known), which at all times pertinent was licensed to do and doing business in the State of Louisiana, and who is the liability insurance carrier insuring defendant, *International Construction Equipment, Inc.*

FOR A FIRST CAUSE OF ACTION

*Please Amend paragraph 3 as follows:*

3.

On or about September 29, **2009,** the M/V B911 was plying navigable waters near the vicinity of Plaquemines Parish, State of Louisiana, which qualifies plaintiff, Eric Wilson as a Jones Act Seaman under Federal Statute *Jones Act 46, U.S.C.A. Section 688*, at this time and at all times pertinent.

*There are no changes to paragraph 4.*

4.

On or about, September 29, 2009, Eric Wilson was in the service of M/V B911, performing maritime duties. At the time of the accident, the plaintiff was replacing the hydraulic hose on the crane vibrator, when suddenly and without warning, the hydraulic hose blew, throwing plaintiff to the deck of the barge.

*Please Amend paragraph 5 as follows:*

5.

Plaintiff, Eric Wilson was an employee for defendant employers, M/V B911 and/or Gulf Intracoastal Contractors (a joint venture) and/or Kiewit, Inc. and/or Traylor Brothers, Inc. and/or Centaur LLC and/or Associated Terminals, LLC.

*There are no changes to paragraph 6.*

6.

At all times pertinent,  Harrison Cook (crane operator) and other employees of defendants, M/V B911 and/or Gulf Intracoastal Contractors (a joint venture) and/or Kiewit, Inc. and/or Traylor Brothers, Inc. and/or Centaur LLC and/or Associated Terminals LLC. and/or International Construction Equipment, Inc., were working in the course and scope of their employment for defendants M/V B911 and/or Gulf Intracoastal Contractors (a joint venture) and/or Kiewit, Inc. and/or Traylor Brothers, Inc. and/or Centaur LLC and/or Associated Terminals, LLC. and/or International Construction Equipment, Inc. In this premise, the actions and/or negligence of Harrison Cook (crane operator) and other employees of M/V B911 and/or Gulf Intracoastal Contractors (a joint venture) and/or Kiewit, Inc. and/or

Traylor Brothers, Inc. and/or Centaur LLC and/or Associated Terminals, LLC. and/or International Construction Equipment, Inc., are imputed to the defendants, M/V B911 and/or Gulf Intracoastal Contractors (a joint venture) and/or Kiewit, Inc. and/or Traylor Brothers, Inc. and/or Centaur LLC and/or Associated Terminals, LLC. and/or International Construction Equipment, Inc. The accident and all resulting damages were caused by the unseaworthiness, fault and negligence of the M/V B911 and/or Gulf Intracoastal Contractors (a joint venture) and/or Kiewit, Inc. and/or Traylor Brothers, Inc. and/or Centaur LLC and/or Associated Terminals, LLC. and/or International construction Equipment, Inc., and/or any individual or employees of M/V B911 and/or Gulf Intracoastal Contractors (a joint venture) and/or Kiewit, Inc. and/or Traylor Brothers, Inc. and/or Centaur LLC and/or Associated Terminals, LLC. and/or International Construction Equipment, Inc., who were in charge of the navigation, operation and/or control of M/V B911, in the following non-exclusive respects:

A. Breach of a legally imposed duty of reasonable care owed by the defendants to the petitioner;

B. Failure to provide a reasonably safe work place;

C. Failure to take any means or precautions for safety of employees or others aboard the vessel;

D. Failure to provide an adequate complement of employees and/or equipment to perform the tasks necessary to maintain a reasonably safe place to work;

E. Failure to supervise employees properly;

F. Creation and maintenance of unseaworthy vessel;

G. Reckless disregard of Coast Guard and OSHA regulations designed for the protection of employees;

H. Failure to have adequate crew and personnel necessary to perform the tasks;

I. Issuing negligent orders and instructions;

J. The vessel at all times had a "short" and inadequate number of crew members;

K. Petitioner, nor other employees/seaman received training in procedure and work that was to be performed and was performing at the time of the accident;

L. Failure to maintain safe equipment and crane

M. Failure to maintain safe equipment and crane in violation of Coast Guard and OSHA regulations;

N. Failure to provide licensed and properly trained crane operator;

O. It was negligent to have defective crane, crane equipment and crane operator unqualified and/or defective and/or in violation of Coast Guard and OSHA regulations;

P. Other acts of negligence which will be proven at the trial of this cause.

***There are no changes to paragraph 7.***

7.

As a result of the accident, Eric Wilson incurred over $2.5 million dollars in physical injuries and damages as follows:

| | | |
|---|---|---|
| A. | Medical treatment: past, present and future | $ 500,000.00 |
| B. | Physical pain and suffering: past, present and future | $ 500,000.00 |
| C. | Mental pain and anguish: past, present and future | $ 500,000.00 |
| D. | Loss of earnings capacity: past, present and future | $1,000,000.00 |
| E. | Loss of consortium | $ 250,000.00 |
| F. | Disability | $ 500,000.00 |

***Please amend paragraph 8 as follows:***

8.

The M/V B911 and/or Gulf Intracoastal Contractors (a joint venture) and/or Kiewit, Inc. and/or Traylor Brothers, Inc. and/or Centaur LLC and/or Associated Terminals, LLC.and/or International Construction Equipment, Inc. and/or Harrison Cook (Crane operator), in person, are liable to Eric Wilson for the full amount of the claims asserted herein, including all losses, costs, expenses, claims,

injuries and/or damages resulting from the accident sustained by Eric Wilson. At all times pertinent the defendant's had in effect a policy of insurance of liability and/or Marine General Liability Insurance with ABC Insurance Company, DEF Insurance Company, GHI Insurance Company, JKL Insurance Company, MNO Insurance Company, PQR Insurance Company. In this premise, the plaintiff brings this cause of action against ABC Insurance Company, DEF Insurance Company, GHI Insurance Company, JKL Insurance Company, and MNO Insurance Company, PQR Insurance Company under maritime law and under the Louisiana Direct Action Statute.

FOR A SECOND CAUSE OF ACTION

Plaintiff repeats and re-alleges all of the foregoing paragraphs of his First Cause of Action, with the same forth and effect as if herein set forth at length, and in addition therein, alleges:

*There are no changes to paragraph 9.*

9.

Pursuant to the General Maritime Laws of the United States of America, the defendants had the absolute and non-delegable duty to provide petitioner with a safe and seaworthy vessel and appurtenances, a seaworthy crew, and to provide petitioner with a safe place to work. This duty was breached.

*There are no changes to paragraph 10.*

10.

That the defendant's vessel, M/V B911 was unseaworthy by reason of the aforesaid facts alleged, and that the injuries sustained are the direct and proximate result of the unseaworthiness of the vessel mentioned hereinabove.

*There are no changes to paragraph 11.*

11.

As a direct and proximate result of the unseaworthiness of the vessel, petitioner Eric Wilson suffered physical disabling injuries, mental and physical damages, pain and suffering; past, present and future, in the sum of ONE MILLION FIVE HUNDRED THOUSAND ($1,500,000.00) DOLLARS.

*There are no changes to paragraph 12.*

12.

Complaint has made numerous demands for maintenance and cure and defendants have failed to provide any maintenance and cure of any kind, as has been alleged and will be shown. Complainant avers that defendants are arbitrary and capricious in their behavior and in their failure to provide sufficient maintenance and cure (including medical expenses), retroactively and past, present and future, and all asses all statutory penalties against defendants, including all costs and reasonable attorney fees for bringing this matter.

*There are no changes to paragraph 13.*

13.

Plaintiff is entitled to and prays for a trial by jury on all issues raised herein.

*Please amend WHEREFORE as follows:*

**WHEREFORE**, plaintiff prays that after the due proceedings had and the expiration of legal delays herein:

1. There be judgment rendered herein in favor of your plaintiff, Eric Wilson, and against your defendants: M/V B911 and/or Gulf Intracoastal Contractors (a joint venture) and/or Kiewit,

Inc. and/or Traylor Brothers, Inc. and/or Centaur LLC and/or Associated Terminals, LLC. and/or International Construction Equipment, Inc., ABC Insurance Company, DEF Insurance Company, GHI Insurance Company, JKL Insurance Company, MNO Insurance Company, PQR Insurance Company and for compensatory damages in the full and true sum of TWO MILLION FIVE HUNDRED THOUSAND ($2,500,000.00) DOLLARS.

2. That there be a judgment awarding plaintiff maintenance benefits from the date of injury in an amount in conformity with the law and evidence present, and for all medical expenses incurred as a result of the accident.

3. That the aforementioned judgment include legal interest thereon from the date of judicial demand, until paid, for attorney fees if permitted by law and for all cots of these proceedings.

4. That plaintiff be awarded statutory punitive damages due to the unseaworthiness of the vessel in the amount of ONE MILLION FIVE HUNDRED THOUSAND ($1,500,000.00) DOLLARS.

5. That plaintiff be afforded a trial by jury on all issues presented herein

*Respectfully submitted on this 17th day of May, 2011*

            S:/ James E Shields, Jr.

            JAMES E. SHIELDS, JR.
            (LA, Bar No. 24879)
            311 Huey P. Long Avenue
            Gretna, LA 70053
            (504) 368-0003