UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| ERIC WILSON | * | CIVIL ACTION NO. 10-3320 |
| | * | |
| VERSUS | * | JUDGE MARY ANN VIAL LEMMON |
| | * | |
| M/V B911, ET AL | * | MAG. DANIEL E. KNOWLES, III |
| | * | |

* * * * * * * * * * * * * * * * * *

### INTERNATIONAL CONSTRUCTION EQUIPMENT, INC.'S
### CROSS CLAIM FOR BREACH OF CONTRACT AGAINST CENTAUR, LLC

NOW INTO COURT, through undersigned counsel, comes Defendant, International Construction Equipment, Inc. ("ICE"), and files this its Cross Claim for Breach of Contract against Centaur, LLC ("Centaur"), and for cause of action will show:

1.  Centaur has entered an appearance in this case and can be served with ICE's Cross Claim by serving counsel of record;

2.  Plaintiff, Eric Wilson, brought the instant suit against Centaur and others alleging that he was injured on or about September 29, 2009 while replacing a hydraulic hose on a crane vibrator, when the hydraulic hose blew, throwing Plaintiff to the deck of a barge. ICE denied and continues to deny any and all liability for the injuries and damages set forth in Plaintiff's Complaint and Amended Complaint;

3.  At all material times herein, Plaintiff was employed by Centaur as a pile driver and, at the time of the alleged accident, was working on board the *M/V B911*, a barge, operating and maintaining equipment being utilized in pile driving and extraction;

4.  In order to assist in the furtherance of the pile driving and extraction, Centaur entered into a contract with ICE, entitled Equipment Rental Agreement, to lease a crane vibrator (i.e. vibratory hammer) and accessory equipment (hereinafter referred to as "the Equipment");

- 2 -

5. The Equipment Rental Agreement was entered into on June 19, 2009, executed by ICE representative, Sean Spatz, and Centaur representative, Randel Breaux (see Exhibit "1");

6. Pursuant to the terms of the Equipment Rental Agreement, Centaur and ICE agreed upon a weekly rate for the rental of the Equipment;

7. In consideration for the rental of the Equipment, under Section 8 of the Equipment Rental Agreement, Centaur agreed to defend and indemnity ICE against all loss, damage, expense and penalty arising from any action on account of personal injury, such as those claimed by Plaintiff, occasioned by the operation, handling or transportation of the Equipment (see Exhibit "1");

8. Despite amicable written demands, Centaur denied the demands of ICE for fulfillment of Centaur's defense and indemnity obligations in connection with Plaintiff's claims. ICE does hereby again demand that Centaur provide defense and indemnity for the claims asserted by Plaintiff against ICE;

9. Furthermore, Section 12 of the Equipment Rental Agreement also requires Centaur to furnish and maintain certain policies of insurance, including General Liability Insurance and All-Risks, Equipment Insurance, and to endorse the policies to name ICE as an additional insured (see Exhibit "1"). Said insurance coverage would cover claims for those asserted by Plaintiff in the principal demand herein;

10. Centaur failed to secure the appropriate insurance and name ICE as an additional insured as required and agreed to in the Equipment Rental Agreement, and is therefore in clear breach of the terms of the agreement;

11. Furthermore, in the event that Centaur ultimately fails to defend and indemnity ICE from Plaintiff's claims as required and agreed upon to in the Equipment Rental Agreement, Centaur is again in breach of the terms of the agreement;

12. ICE complied with all of its obligations set forth in the Equipment Rental Agreement. However, Centaur has failed to honor its agreement to secure the applicable insurance and to name ICE as an additional insured under the required policies;

13. As a result of Centaur's breach of contract, ICE has incurred damages, including attorney's fees and costs, to defend ICE's interest against Plaintiff's claims;

14. Section 14 of the Equipment Rental Agreement provides ICE with the right to pursue a breach of contract claim against Centaur in case of any default of the Equipment Rental Agreement by Centaur (see Exhibit "1");

15. Section 14 of the Equipment Rental Agreement also provides that ICE is entitled to recover from Centaur all attorney fees and costs incurred to defend against Plaintiff's claims and/or to enforce Centaur's obligations under the Equipment Rental Agreement (see Exhibit "1");

16. Therefore, in the event of a breach of contract by Centaur, ICE is entitled to indemnification for damages equivalent to any damages which may be assessed against them in these proceedings and in favor of Plaintiff in the principal demand, as well as attorney's fees, costs and judicial interest, and any other damages resulting from said breach;

WHEREFORE, ICE prays that after due proceedings are had, there be Judgment in its favor and against Plaintiff, Eric Wilson, dismissing with prejudice his Complaint, or alternatively, there be judgment in favor of ICE against Centaur for defense, indemnification, breach of contract, attorney's fees, costs, legal interest, damages, and/or future amounts expended in defending this case and pursuing Defendant in Cross Claim Centaur for defense and indemnity, and for all other general and equitable relief to which ICE may be entitled.

Respectfully Submitted,

/s/ Matthew L. Stedman

---

MARK L. CLARK (#30875) – T.A.
MATTHEW L. STEDMAN (#31547)
**BROWN SIMS, P.C.**
Poydras Center, Suite 2200
650 Poydras Street
New Orleans, Louisiana 70130
Telephone: (504) 638-8472
Facsimile: (504) 638-8473
**Attorneys for INTERNATIONAL
CONSTRUCTION EQUIPMENT, INC.**

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing has been served on all counsel of record by filing using the Court's CM-ECF system and/or by facsimile and/or by hand delivery and/or by depositing same in the United States mail, postage prepaid and properly addressed, this 1st day of August, 2011.

/s/ Matthew L. Stedman
MATTHEW L. STEDMAN